Law
Library

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IRENE PEREZ OCAMPO,<br><br>Plaintiff,<br><br>v.<br><br>BENNY MANLULU OCAMPO,<br><br>Defendant. | DOMESTIC CASE NO. DM 0093-13<br><br>**DECISION AND ORDER** |

This matter came before the Honorable Arthur R. Barcinas on the Plaintiff's Motion for Order of Publication and Mailing of Summons. Guam Legal Services Corporation represents the Plaintiff, and the Defendant has not yet been served and has appeared.

In evaluating a motion for service by publication and mailing under 7 GCA § 14106, the Court must inquire as to whether "a cause of action exists against the defendant in respect to whom the service is to be made[.]" Additionally, in the exercise of its discretion to grant divorces, this Court is guided by its interest in ensuring that its judgments are valid and enforceable.

Under Article 15 of the Philippine Civil Code, judgments of divorce rendered between two citizens of the Philippines are legal nullities, as the Philippines does not recognize foreign judgments of divorce unless one of the parties is a citizen of a different country. *Van Dorn v. Romillo, Jr.*, 223 Phil. 357, 362 (1985); *Garcia v. Recio*, 418 Phil. 723, 723-735 (2001) (once proven that respondent was no longer a Filipino citizen, he could validly obtain foreign divorce decree which would be recognized in the Philippines). *See also Quita v. Court of Appeals*, 300

SCRA 406 (1998); *Diego v. Castillo*, A.M. No. RTJ-02-1673, August 11, 2004 (citing *People v. Schneckenburger*, 73 Phil. 413 (1941) (subsequent marriage of Filipina citizen based on foreign judgment of divorce entered in the United States would not be recognized in the Philippines, and Filipina citizen was thus properly convicted of bigamy and judge who previously acquitted Filipina of bigamy was punished by the Supreme Court of the Philippines for ignorance of the law)).

Thus, when it appears that at least one of the parties in a divorce proceeding is a citizen of the Philippines, as it does in this case, this Court requires the Plaintiff to declare that she is a citizen of a country other than the Philippines, and that a judgment of divorce will not conflict with the laws of the country of her citizenship. Here, the Plaintiff has not done so.

Accordingly, the Plaintiff's Motion for Order of Publication and Mailing of Summons is DENIED, and the Complaint for Divorce is DISMISSED without prejudice, and with LEAVE TO AMEND. The Plaintiff is advised that any amended complaint should include or be accompanied by a sworn declaration of facts establishing that she is a citizen of a country other than the Philippines, and that a judgment of divorce will not conflict with the laws of the country of her citizenship.

**IT IS SO ORDERED** this 28th day of June, 2013.

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

JUN 2 8 2013